## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FELTON WILLIAMS,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 25-cv-459-RJD** |
| **NURSE DESAI, NURSE SUEZAN, LT. RATILBURGER, LT. SIMMONS, LT. MERCURIAL, LT. STROKA, SGT. AGNEW, C/O ADCOCK, and C/O ADAMS,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Felton Williams, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Williams's Complaint (Doc. 1) initially alleged claims that arose while at both Cook County Department of Corrections and Pinckneyville Correctional Center. The claims against officials at Cook County were severed into a new case and the claims against officials at Pinckneyville were dismissed without prejudice for failure to state a claim (Doc. 14). Williams was granted leave to file an amended pleading. On June 23, 2025, Williams filed an Amended Complaint (Doc. 22). Subsequently, on June 26, 2025, Williams filed a First Amended Complaint (Doc. 23) and a request to strike his initial Amended Complaint

1

(Doc. 24). His motion to strike (Doc. 24) was granted (Doc. 26) and the Court will consider his First Amended Complaint (Doc. 23).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

On August 17, 2024 while housed at Pinckneyville Correctional Center, Williams presented to Nurse Desai about an ongoing medical issue he had experienced since being housed in the Cook County Department of Corrections (Doc. 23, p. 9). Specifically, Williams had been dealing with lice or scabies and spoke to Nurse Desai about identifying and treating the condition. Williams alleges that Desai ignored standards for identifying lice/scabies and refused to either take a skin sample or inspect the insects with a magnifying glass (*Id*.). Williams believes that the prison is not equipped to handle the condition, but rather than admit her inadequacies, Nurse Desai manipulated Williams's medical records and labeled his condition a mental health issue (*Id*.). Williams

---

[1] The Court has jurisdiction to screen the First Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

alleges that other unknown nurses also manipulated his medical records to portray his issue as a psychiatric issue (*Id.*).

On August 26, 2024, after being returned to the prison on a court writ, Williams informed officers that he wanted to go to segregation because medical and prison staff continued to deny him medical care (Doc. 23, p. 9). Williams believed that once in segregation, he would encounter the warden who normally walked the segregation halls (*Id.* at pp. 9-10). Instead of being placed in segregation, however, Williams was examined by mental health and placed on suicide watch (*Id.* at p. 10). Williams notes that Lieutenant ("Lt.") Ratilburger and Lt. Simmons were the officials who placed him on suicide watch despite not being suicidal (*Id.* at p. 11). Williams contends that he was placed on watch against his will. On several occasions while on watch from August 26 through August 29, 2024, Williams spoke to Lt. Ratilburger, Lt. Simmons, Lt. Stroka, Sgt. Spencer, and Sgt. S. Airrason about his medical issues with something biting him (*Id.* at p. 10). He also spoke to Nurse Suezan (*Id.*). He showed her the white bugs of different sizes on his skin, but she acted like she did not see anything on his skin (*Id.*). He informed her that a magnifying glass should be used to view the insects, but Nurse Suezan insisted that her eyeglasses contained a magnifying glass.

Williams also spoke to other officers about his condition. He spoke to Correctional Officer ("C/O") Adcock and told Adcock that he was in pain (Doc. 23, p. 10). Adcock acknowledged his pain but simply walked away (*Id.*). Adcock refused to call a lieutenant or obtain medical care (*Id.*). On September 10, 2024, he spoke to Lt. Mercurial about his medical condition and pain (*Id.*). Mercurial informed Williams that he was aware of

3

Williams's conditions but was told that Williams's issues were psychological (*Id*.). When Williams tried to explain that medical officials failed to follow protocol for diagnosing him, Mercurial threatened him with segregation (*Id*.).

Sometime between September 20, 2024 and October 5, 2024, Williams was harassed by C/O Adams (Doc. 23, p. 11). On two occasions C/O Adams informed Williams's cellmates that none of the officers would help him because he had a criminal case for actions against law enforcement (*Id*.). Adams also asked Williams about the status of his case.

## Preliminary Dismissals

Williams alleges that he spoke to numerous officials, including Sgt. Spencer and Sgt. S. Airrson, but he fails to identify these officials as defendants in the case caption. In order to be considered a party, an individual must be identified as a defendant in the case caption. *See* Fed. R. Civ. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005). Because Williams failed to identify either official as a defendant, any potential claim against them is **DISMISSED without prejudice**.

Williams also fails to state a claim against C/O Adams. Williams alleges that Adams harassed him by inquiring about his criminal case in front of other inmates. He fails to allege how these comments violated his rights and any claim stemming from the alleged harassment appears unrelated to his request for medical care. Thus, any potential claim against C/O Adams is **DISMISSED without prejudice**.

Williams identifies Sgt. Agnew as a defendant in the case caption, but he fails to include any allegations against Agnew in his statement of claim. Because he fails to allege

4

that Agnew participated in his medical care, any claim against Agnew is **DISMISSED without prejudice**.

Discussion

Based on the allegations in the First Amended Complaint, the Court designates the following count:

> **Count 1:**     **Eighth Amendment deliberate indifference claim against Nurse Desai, Nurse Suezan, Lt. Ratliburger, Lt. Simmons, Lt. Mercurial, Lt. Stroka, and C/O Adcock for failing to treat his skin condition and labeling his condition a psychiatric issue.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, Williams states a viable claim for deliberate indifference against Nurse Desai, Lt. Ratilburger, Lt. Simmons, Lt. Stroka, Nurse Suezan, C/O Adcock, and Lt. Mercurial for their failure to treat his skin condition. Williams alleges that he informed these individuals about the biting and itching on his arms and they either ignored his complaints or labeled them as a psychiatric condition. They allegedly failed to provide

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

him any care for his condition. Thus, at this stage, Williams states a viable claim against the defendants in Count 1.

## Motion for Examination

Williams also recently filed a Motion and Notice for physical examination (Doc. 20). He seeks a physical examination of his skin condition, either by culture or a magnifying glass, by a medical examiner outside of the prison. Williams invokes Federal Rule of Civil Procedure Rule 35(a) for the basis of his request, but that rule does "not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003). Further, to the extent Williams may be seeking injunctive relief in the form of adequate medical care, Williams fails to demonstrate that he is entitled to injunctive relief at this time. To the extent he wishes to seek a preliminary injunction in this case, he would need to file a motion and demonstrate (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012). His request for an examination is **DENIED**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Nurse Desai, Lt. Ratilburger, Lt. Simmons, Lt. Stroka, Nurse Suezan, C/O Adcock, and Lt. Mercurial.

The Clerk of Court shall prepare for Nurse Desai, Lt. Ratilburger, Lt. Simmons, Lt. Stroka, Nurse Suezan, C/O Adcock, and Lt. Mercurial: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of

Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Williams. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Williams, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Williams's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Williams, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs,

regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Finally, Williams is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court

will not independently investigate his whereabouts. This shall be done in writing and not

later than **14 days** after a transfer or other change in address occurs. Failure to comply

with this order will cause a delay in the transmission of court documents and may result

in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 25, 2025.**

*/s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**